Judge Cábele
delivered the opinion of the Court.*
John P. Shields, being indebted to Samuel G. Adams and John Vanlew, merchants and partners, trading under the firm of Adams 8? Vanlew, executed his note to the said Adams <§■ Vanlew, for the sum of $ 106 87, on the day of in the yeai' 1816. The said note was, some time thereafter, and after the expiration of the partnership of Adams %• Vanlew, transferred by the said Samuel G. Adams, in the name of Adams 8? Vanlew, to a certain Thomas Bohannan, in pajunent of an individual debt, due from the said Samuel G. Adams to the said Bohannan. The said note was transferred by the said Bohannan, but without his endorsing the same, to George Green-how, and afterwards came into the hands of Thomas Diddep, without any other endorsement than that of Adams ór Vanlew to Bohannan. Suit was brought on the said note, in the name of Bohannan, assignee of Adams §• Vanlew, against John P. Shields, who took the benefit of the insolvent laws. It being thus ascertained that nothing was to be made from Shields, an action was instituted in the name of Thomas Bohannan, for the benefit of Thomas Diddep, against John Vanlew, surviving part *540 ner of Adams fy Vanlew, for the purpose of subjecting him to the payment of the said note, in consequence of the endorsement aforesaid, by Samuel G. Adams, in the name of Adams fy Vanlew; and a judgment was obtained for $116 89. The object of the bill is to be relieved against this judgment.
It is incontrovertible, that if the facts above stated, had been exhibited at the trial at law, no judgment could have been obtained against Vanlew. But as that defence was not made in the Court of law, the question is, whether a Court of Equity can grant the relief now sought.
The rule has been long established, that a Court of Chancery will not entertain a bill for the purpose of allowing a man to make a defence, which he might have made in the Court of law; unless he shews some good reason why he did not avail himself of that defence in the Court of law. This rule is founded on the principle, that there ought to be an end of litigation; and that, consequently, where a matter has been once fairly investigated and decided in one forum, it shall not again become the subject of controversy in another. It was intended as a shield for the party who had prevailed at law. But, if he does not choose to avail himself of its benefit, if he voluntarily goes into the merits of the case, and in his answer, admits facts, which, if they had appeared to the Court of Law, would have there produced a different result, neither the rale, nor the principle of the rule, is violated by pronouncing a decree, justified by his own admissions.
This view of the subject, is decisive of the case before us, and supersedes the necessity of determining whether Vanlew has proved a sufficient excuse for not having defended himself at law. The plaintiff, in the judgment at law, has admitted in his answer, that the note due to Adams fy Vanlew, was assigned to him by Adams, for an individual debt due to him by Adams, and that at the time of the assignment, he did not consider Vanlew bound. *541 This unauthorised and improper act of Jidams, could not impose any obligation on Vanlew.
The order of the Chancellor, dissolving the injunction, should be reversed, and the injunction perpetuated.

 Absent, the President and Judge Coadter,