Brookenbrough, J.
delivered the opinion of the court. The ground alleged for relief in equity against the judgment rendered for the appellants against the appellee, is of a purely legal character. The appellee alleges in his bill, that whilst the note on which the action was brought, was in'the hands of Collins, one of the assignees, ho delivered to him, thirty cords of wood, and sixty-two and a half cords to Johnson, by the direction and to the orders of Collins, in discharge of the note, and which at the price of a dollar and a half per cord would have entirely discharged the note. He gives no reason why he did not prove these facts in the trial at law. He only alleges, that the reason why no credit was given to him for these payments or discounts, was that his principal witness, by whom he could have proved them, was absent on the trial at law. lie does not allege, that lie was taken by surprise at the trial, or that there was any fraud practised on him; nor does he give any excuse why he did not defend himself at law, or assign any reason which can give jurisdiction to a court of equity. Pie does not even say why his material witness was absent. Did he use due diligence in summoning that witness to appear at the court ? If he did, why did he not apply for a, continuance of the cause ? If he did apply for ity and he was overruled, why did he not except to the opinion of the court, and apply to the appellate tribunal, on the law side, for redress ? Unless we are to disregard the uniform decisions of this court, from Terrell v. Dick, 1 Call 546. to this day, we must say, that this bill presents no case for the interfe *532 rence of the court of equity, and that the injunction should not have been awarded. This was the original error in the case, which contaminates the whole of the subsequent proceedings.
It has, however, been urged in the argument of the cause, that the objection to the jurisdiction of the court of equity comes too late. The chancellor directed an issue; and it is said, that the defendants made no objection to the ordering of that issue, and that after that issue has been tried, and a verdict found against the defen-. dants, they ought not now to be heard in opposition to the jurisdiction. A small degree of attention to the record will shew, that the defendants objected to the jurisdiction at the very earliest period. The defendant Williams, after declaring in his answer, his ignorance of the payments alleged to have been made to Collins, calling for proof of them, and requiring that Collins should be made a party defendant, demurred to the bill, on the ground that it made no case proper for relief in equity, inasmuch as the court of law would have granted the plaintiff a new trial if lie were really taken by surprise, or a continuance if he was entitled to one, or if either was improperly refused, the error might have been corrected by an exception, and a resort to the appellate court. The other defendant Collins also demurred to the jurisdiction on similar grounds, at the same time that he denied by his answer that the plaintiff was entitled to the credits. Mitford says, that if a bill does not shew a sufficient ground for a court of equity to interfere, the defendant may demur for want of matter of equity in the plaintiff’s case to support the jurisdiction of the court. It is not objected to the demurrers of the defendants, that they are informal, nor ought the objection to prevail if it were made. An informal demurrer, or an objection to the jurisdiction blended with the answer, is sufficient to give notice to the plaintiff, and to guard the court against the exercise of an improper *533 jurisdiction: indeed, when it plainly appears on the face of the bill, that there is no case for a court of equity, the court will not grant relief on the hearing, though the defendant files his answer, and does not demur. Pollard v. Patterson, 8 Hen. & Munf. 67. The case now before us is very different from the case of Van Lew v. Bohannan, 4 Rand. 537. There, the defendant did not insist on the objection to the jurisdiction, but voluntarily went into the merits of the case, and in his answer admitted facts, wdiich, if they had appeared to the court of law, would have produced there a different result. Here, both of the defendants insisted on the objection to the jurisdiction, and moved for a dissolution of the injunction as soon as their answers were filed; and they were forced into a trial of the merits against their will, by the court awarding an issue to try the legal defence over again. This was the second error of the court. The injunction should have been dissolved on the bill and answers.
It is unnecessary to inquire, whether there was any error in the subsequent proceedings, or whether the court should have directed a new trial of the issue. The decree should be reversed with costs for the errors which have been noticed, the injunction dissolved, and the bill dismissed.
If any injury is done to Jones by refusing to take jurisdiction of his case, he has brought it on himself. After his neglect in making the proper defence before the court of law, he might have had his legal remedy against Collins for the -wood sold and delivered to him or his order. Indeed, he has still that remedy; and if the lapse of time will enable Collins to defeat him in the pursuit of that remedy, he must see that his loss is the consequence of his own improvident course.
Decree reversed, and bill dismissed.