MONCURE, J.,
delivered the opinion of the court.
The question first presented for our decision in this case is, whether a court of equity had jurisdiction to enjoin the judgments obtained at law by the appellee against the appellant and his father and brother, on the grounds stated in the bill.
The claims asserted in the bill as setoffs to the judgments being independent of and unconnected with the claims on which the judgments were obtained would not at common law have been good setoffs in a suit at law upon the latter; and not *being mutual (the former being separate and the latter joint), would not, in such a suit, have been good setoffs under the statute of setoff which was in existence when the new Code took effect. Nor would they have been good setoffs in equity, either before or since the said statute, unless upon the ground of the intervention of some peculiar equity, such as the insolvency of the party against whom they were asserted. Story’s Eq. Jur., § 1434, 1437; Gilliat v. Lynch, 2 Leigh 493, and cases cited by Judge Green, p. 504, 5. But by the new Code, p. 654, § 4, it is provided, that “although the claim of the plaintiff be jointly against several persons, and the setoff is of a debt not to all, but only to a part of them, this section shall extend to such setoff, if it appear that the persons, against whom such claim is, stand in the relation of principal and surety, and the person entitled to the setoff is the principal.” Under this provision the claims asserted in the bill, or most of them, would have been good setoffs in the suits at law in which the judgments were obtained, and which were instituted after the Code took effect. But the appellant alleges in his bill that he was prevented by unavoidable accident from pleading his setoffs at law, and therefore seeks to have the benefit of them in equity. The allegation is not denied in the \ answer, and, on a motion to dissolve, must be taken to be true. All or nearly all the claims asserted as setoffs in the bill, if well founded, are recoverable by action at law; and such as may not be are recoverable by suit in equity. It was said, in the petition for the appeal and the argument of the case, that if the appellant be left to his remedy at law, the statute of limitations will be a bar to his claims. Without meaning to admit that the fact, if so, would make any difference, it is sufficient to say that the fact in this casé appears to be otherwise. All the said claims, except that for the metal *furnished William Morris & Co., arose within five years before the judgments were rendered; and though some of the items of the account for metal bear date a few months more than five years before, yet it is expressly averred ‘ in the bill that the metal was sold on a credit of 12 and 18 months, which would make the account due and the cause of action thereon accrue within five years before the judgments were obtained. It is not alleged in the bill that the appellee is insolvent, but the fact appears to be otherwise. Nor is the intervention of any other circumstance alleged as ground for equitable interposition than the accident before mentioned.
The only question, therefore, is whether the appellant, having a plain remedy at law, or in equity, for the recovery of his claims well founded, can have the appellee’s judgments enjoined until the said claims can be established in order that they may be setoff against the said judgments, merely upon the ground that the appellant was prevented by accident from pleading the claims as setoffs at law. We are of opinion that he cannot. The statutes of setoff, “having been passed for the benefit of defendants, are not compulsory; but a defendant may waive his right of setoff, and bring a cross action for the debt due to him from the plaintiff. ” Babington on Setoff, p. 3, 6 Law Libr. The same author says, that “where the defendant, at the time of pleading, is not prepared to prove his cross demand, it is not prudent for him either to plead or give notice of setoff; for if, at the trial, he should attempt to prove his cross demand and fail in doing so, he cannot afterwards maintain an action for the amount.” Id.
When a defendant is prevented by accident, surprise or other cause from proving his setoff, the practice is to withdraw it in order that the judgment may not be a bar to an action for the amount. And a defendant who, *under such circumstances, should suffer a judgment to be obtained against him without withdrawing his setoff, would no more be entitled to relief in equity against the judgment on the ground of accident or surprise, than a plaintiff would be entitled to like relief on a like ground, who failed to suffer a nonsuit. Suppose a defendant fails to plead his set-off, or having pleaded, withdraws because he cannot prove it; and after judgment rendered against him discovers evidence sufficient to sustain his claim, which he *178 could not by reasonable diligence have discovered before, would a court of equity enjoin the judgment until he could establish his claim in order that it might be set off against the judgment? Would he not, on the contrary, have to resort to his "action at law for the recovery of his claim? And does not the same principle apply to this case? The appellee has been in no default. He has had no agency, fraudulent or otherwise, in preventing the appellant from pleading the setoffs at law. If he had had, that would probably have been a good ground for a court of equity to interpose and enjoin the judgments, until the cross demands could be established and set off against them. But he resorted to his plain actions of debt, on two plain bonds of the appellant and his sureties, and by due diligence obtained his judgments. Why should he be enjoined from enforcing those judgments by execution, until the appellant can establish cross demands which are entirely unconnected with the judgments, and for which plain remedies at law or in equity exist? True, the appellant had an election of remedies. The statute of setoff gave him a cumulative remedy ; and he has been prevented by inevitable accident from availing himself of the statutory remedy. But this has been the result of his misfortune, if misfortune it be, and not the act of the appellee; and his common law remedy, which is a plain and simple one, remains to *him. Should he not be left to that remedy, as he would have been if he had elected not to plead his setoffs, or having pleaded, had elected to withdraw them? Should he be permitted, instead of resorting to that plain common law remedy, to come into a court of equity, enjoin judgments on plain bonds, the justice and obligation of which are not denied, until various complicated and disputed cross demands can be litigated and determined, and to have those demands decided by a forum different from that to which the decision of most if not all of them properly belongs? It has been a favorite policy in this state, especially of late, not to afford relief in a court of equity to a party who has a plain remedy at law, except in cases of concurrent jurisdiction. In all other cases, he must avail himself of his" legal remedy. If, without his default, he be deprived of all remedy at law, equity may relieve him; but if any legal remedy remain to him, though he may have lost by his misfortune, and without the fault of his .adversary, other concurrent legal remedies, he- must resort to his remaining legal remedy. This policy is illustrated by the cases cited by the counsel for the appellee, especially Cabell v. Roberts, 6 Rand. 580; Collins v. Jones, 6 Leigh 530; Faulkner’s adm’r v. Harwood, 6 Rand. 125; Haden v. Garden, 7 Leigh 157; Allen v. Hamilton, supra 255; to which may be added Slack v. Wood, supra 40. The precise question under consideration seems never before to have been adjudicated by this court. In the case of Morgan v. Carson, 7 Leigh 238, the plaintiff in equity alleged that he was prevented by surprise from pleading setoff at law. This court decided the case against him on the ground that the allegation of surprise was not proved; and of course it was not necessary to decide whether, if proved, it would have entitled him to equitable relief. Judge Carr, however, added (by way of exclusion of a conclusion), that he did not think the *excuse alleged in the bill for the failure to make defence at law, would have been sufficient to sustain the jurisdiction, even if it had been proved, which it was not. The case was assumpsit on a quantum meruit, for work and labor done, and was altogether unfit for a court of equity. If the learned judge had been of opinion that where a defendant in a suit at law is prevented by accident from pleading setoff, he is. entitled to relief in equity against the judgment, notwithstanding he has a plain remedy by action at law, he would have sustained the jurisdiction in the case referred to. But he was of opinion that the matter of the setoff must be of such a nature as to give the court of equity jurisdiction otherwise than on the ground of surprise. That case came on for final hearing, and the question was whether a court of equity could give any relief at all. If it had been proper to enjoin the judgment, that would have given the court jurisdiction of the case, without reference to the nature of the claim. In regard to the cases cited by the counsel for the appellant in this branch of the case, viz: Foushee v. Lea, 4 Call 279; Hord v. Dishman, 5 Id. 279; Ross v. Pynes, 3 Id. 490; Ambler v. Wyld, 2 Wash. 36; Knifong v. Hendricks, 2 Gratt. 212, it is sufficient to say that the parties who complained of the judgments at law in those cases, would have been entirely without remedy but for the interposition of a court of equity.
But the counsel for the appellant contends that as no exception to the jurisdiction of the court was taken in the answer, it was the duty of the court to decide the case on its merits; and in support of that position he relies on the provision in the Code, p. 648, % 19, which provides that “when the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exception for want of such jurisdiction shall be allowed, unless it be taken by plea in abatement; and the plea shall not be received after the ^defendant has demurred, pleaded in bar, or answered to the declaration or bill,” &c. The former law declared that “after answer filed no plea in abatement to the jurisdiction of the court, no exception for want of jurisdiction shall ever afterwards be made; nor shall the court ever thereafter delay or refuse justice, or reverse the proceedings for want of jurisdiction, except,” &c. 1 Rev. Code 1819, p. 214, § 86. Notwithstanding the strong language of that law, this court, in Pollard v. Patterson’s adm’r, 3 Hen. & Munf. 67, unanimously decided that the statute meant to embrace those cases only in which the bill showed on its face proper *179 matter for the jurisdiction of equity, and the exception had to be taken by plea; and that the omission to plead gave equity no power to decree in favor of the plaintiff, if the case appeared upon the face of the bill to be a mere legal question. The construction of the statute adopted ill that case has ever since been followed. Stuart v. Coalter, 4 Rand. 74; Hickman v. Stout, 2 Leigh 6; Morgan v. Carson, 7 Id. 238. The last case was similar in its nature to this. The defendant made no objection to the jurisdiction of the court of chancery, but in his answer defended himself upon the merits. The case was heard, and a final decree made, upon the merits; and jret the decree was reversed because it appeared on the face of the bill that the court had no jurisdiction. The case of Van Lew v. Bohannan, 4 Rand. 537, has been sometimes considered as an authority to show that if a defendant in his answer defends himself on the merits without objecting to the jurisdiction of the court, he thereby waives such objection, and jurisdiction may be taken of the case. But in that case the defendant in his answer admitted facts which, if they had appeared to the court of law, would have there produced a different result; and the court had nothing to do but, on the admissions in the answer, to perpetuate *the injunction. It was not like a case in which the matters set up in the bill are controverted by the answer, and must be litigated and determined m the court of chancery before relief can be given.
The provision in the new Code seems not to have been intended to make any change in the law as it was in the Code of 1819, and according to the construction put upon it in the case of Pollard v. Patterson’s adm’r. That provision expresses what the law of 1819 implied, and uses words which were not in that law, but convey a meaning which that law was construed to import. Those words were, “When the bill shows on its face proper matter for the jurisdiction of the court, no exception for want of jurisdiction shall he allowed,” &c. In the case under consideration, the bill did not show upon its face proper matter for the jurisdiction of the court. It asserted claims cognizable only at law, and for the recovery of which a plain legal remedy existed; or, if any of them were cognizable in equity, they were entirely unconnected with the judgments sought to be enjoined; and no ground was stated which could give the court jurisdiction of the case as an injunction suit. It was proper, therefore, to dissolve the injunction on the ground that on the face of the bill the court had no jurisdiction to award it.
It was further contended by the counsel for the appellant that the appellee had no right to make the motion to dissolve at the time at which it was made, as his answer had been filed in the paper, but not at rules or in court, only two days before the motion was made. If there is not sufficient equity on the face of the bill to support the injunction, the defendant may apply at once, and without any answer, for a dissolution. 2 Rob. Pr. 241 and cases cited; also Slack v. Wood, supra 40. Where there is sufficient equity on the face of the bill, an answer must be filed by the defendant; "‘after which a motion to dissolve may be made at any time ; at least there is nothing in the law of the land to prevent it. By rules of court an answer to an injunction bill is generally required40 be filed within a certain time after the execution of the subpoena, or the defendant is not allowed to move a dissolution until a certain time has elapsed after the answet'is filed. But these rules are subject to the discretion of the court to which they belong, and if disregarded by such court, its decree cannot on that ground be reversed. Of them the appellate court can take no judicial cognizance. It does not, however, appear in this case when the subpoena was executed.
For the foregoing reasons, and without expressing any opinion on the merits of the claims asserted in the bill, we are for affirming the order of the Circuit court, with costs to the appellee.
Decree affirmed.