Robertson, J.
The only ground for the jurisdiction of a court of equity, in this case, is that a discovery from the defendant was necessary to enable the plaintiffs to recover the slaves in controversy. The hill sufficiently alleges the necessity of such discovery, hut the allegation is disproved by the evidence in the cause.
The exhibits from the case of Bradshaw v. Shore and others (including the depositions, which, it is apparent, were read on the hearing of this case), show that the plaintiffs had it in their power to prove, independently *359 of any discovery which they might obtain from the defendant, that, as the grandchildren of William Hines, they were entitled, tinder his will, to the slaves in controversy, upon the death of Thomas Hines, on the 29th day of November-, 1849: that said slaves had been sold by Thomas Hines, as his absolute property, to Alexander Scott, on the 26th day of December, 1840, as shown by his bill of sale warranting the title against all persons whatsoever: that Henry E. Shore afterwards became possessed of them by intermarriage with the widow of Scott, who took them under his will; that Shore held them as his absolute property, and sold them as such to the defendant, on the 23d day of November, 1849, and that the defendant, under that purchase, took possession of them as absolute owner.
The discovery asked for could not disclose any fact, in addition to these, material to the plaintiffs.
Ei the absence of proof to the contrary, a jury would have been authorized and .required to infer that the defendant was in possession of the slaves at .the death of Thomas Hines, when the title of the plaintiffs accrued. He held them a few days previously to that event, claiming to fee the absolute owner, and the burthen of proof would have been upon him to show that he had parted with the possession before it happened; for one in possession of property, claiming to be the absolute owner, is presumed to continue to hold it, until the contrary is made to appear.
It is doubtful whether the bill is to be understood as charging that, in addition to the slaves John, Eeuben and Lucy, there were four others whose names were unknown, who also went into the possession of the defendant. If it is to be so understood, the allegation was not only wholly unwarranted by the facts, but was obviously so known to be by the plaintiffs themselves. The defendant makes no reference whatever to these four *360 slaves in either of his answers, but treats the bill as-t seeking to recover from him only the three above named, and their increase, if any. In their exceptions, to the answers the plaintiffs did not object that the defendant failed tO'respond as to the four slaves also; nor did they propound any question to him respecting them in either of his examinations before the commissioner.. It is manifest that it w’as well understood, by all parties, that the defendant had- nothing to- do with these-four slaves, and that no discovery was needed or desired by the plaintiffs in reference to them-
■ The call for a discovery as to the increase of the slaves named in the bill was a mere pretence. There was no increase ;. and there is no- reason to- believe that the plaintiffs supposed that there was any. The case of Armstrong v. Huntons, 1 Rob. R. 326, is authority to show that a call like this is insufficient to give jurisdiction to a court of equity.
As to the call for a discovery of the value of the slaves, it is enough to say that it was as easy for the plaintiffs as for the defendant to ascertain their value.
Upon the whole case it is quite clear that the demand for a discovery was colorable only, and that a- court of-equity ought not to take jurisdiction.
But-it is-insisted that the objection must be made by demurrer, or by plea.
In this case a demurrer'eould not be-sustained because the allegations of the bill are sufficient to- show the necessity of a discovery.
Ho plea was filed putting- directly in issue the allegation that a discovery was necessary to the plaintiffs :• but the defendant in his amended answer says he is advised that the plaintiffs’ proper remedy, if they are entitled to recover at all, would be an action at law, and that they ought not to be permitted to. prosecute their- *361 suit in chancery, because they have a full and sufficient remedy at law. .
We deem it imnecessary to decide whether this put properly in issue the fact as to the necessity of a disciovery; because we think that even if no objection to the jurisdiction were made in any form in the pleadings, it would be competent to the defendant to make the objection on the hearing; and the court should dismiss the bill if it then appeared, from the whole case, that the call for a discovery was colorable merely.
The statute, Code ch. 171, § 19, p. 711, has no application to such a case. It applies where the objection is for mere matter of abatement; as, where .the case is a proper one for a court of equity, but not for the particular court in which the suit is brought; or, where the suit ought to be abated by reason of. some circumstance attending the situation of the plaintiff, or defendant, or the like.
JBut the statue does not apply where the objection, instead of merely tending to divert the proceedings to some other equitable jurisdiction, or to suspend them, or to abate the particular suit, is absolutely in bar of the claim to the interposition of a court of equity, and impugns the right to sue in that court altogether.
Accordingly where the case appears on the face of the bill to be proper for the cognizance of a court of law only, and not of any court of equity the statute has been held not to apply. Pollard v. Patterson, 3 Hen. & Munf. 67; Hudson v. Kline, 9 Gratt. 379 ; Beckley v. Palmer, 11 Gratt. 625.
Where the bill alleges proper matter for the jurisdiction of a court of equity (so that a demurrer will not lie), if it appears on the healing that the allegations are false, and that such matter does not in fact exist, the result must be the same as if it had not been alleged, and the bill should be dismissed for want of jurisdiction.
*362 In this case, the decree must be reversed, and the bill dismissed.
It having been suggested, in this court, that the amoti:11'*' the <iecree against the appellant has been paid by him, it will be proper for the Circuit court if that shall be made to appear, to make, an order of restitution in his favor, unless cause be shown to the contrary. Flemings v. Riddick, 5. Gratt. 212.
The other judges concurred in the opinion of Robertson, J,
Decree Reversed.