Staples, J.
Courts of equity relieve against judgments at law, upon the ground that the party injuriously affected thereby has a defence of which he could not have availed himself in a court of law, or of which he might have availed himself, but was prevented by fraud or accident, unmixed with any fault or neglect on his part. If the facts upon which the application for relief is based, are known to the party at the time of the trial in the Law court, it is his duty to bring them to the consideration of that court, or furnish some reasonable and satisfactory excuse for his failure to do so.
If they can be established only by an appeal to the conscience of the adverse party, it is his duty to file a bill of *359 discovery ; and obtain a stay of the trial at law until the discovery is obtained.
The cases fully establish, that after a trial at law a party to entitle himself to have a new trial granted by a court of equity, must show that he has been guilty of no laches ; that he has done everything that could be reasonably required of him to obtain relief at law. "Without such excuse, which is to be judged of according to the circumstances, he cannot get relief in equity. 2 Rob. Prac. 213, and cases cited; Brooke President in Faulkner’s adm’r v. Harwood, 6 Rand. 133.
And so a defendant who suffers judgment to go against him by default, without an effort to procure the attendance of witnesses in his behalf, or an appeal to the conscience of the adverse party, where that is necessary, can have no better claim to the assistance of a court of equity than a defendant who submits his case to a jury without the exercise of due diligence in preparing for his defence.
Although the earlier decisions, in some instances, may have relaxed these rules, they are now the established doctrines of courts of equity; as will be ap|iarent by a reference to some of the adjudicated eases. In Barber v. Elkins & Simpson, 1 John. Ch. R. 465, Chancellor Kent held that where a defendant in an action at law has not used due diligence in applying to a court of equity for a discovery to assist his defence at law if necessary, he cannot, after a verdict against him, obtain the aid of a court of equity to stay the proceedings at law, or have a new trial. Duncan v. Lyon, 3 John. Ch. R. announces the same principles.
In Brown v. Swan, 10 Peters. U. S. R. 497, Judge Wayne, delivering the opinion of the Supreme court of the United States, uses the following language : “ The general ruléis that after a verdict at law, a party comes too late with a bill of discovery. There must be a clear case of accident, surprise or fraud before equity will *360 interfere. Such now is the established doctrine inEngland ; and has been for a long time the doctrine of the United States.” See also Thurmond v. Durham, 3 Yerg. R. 99; Harrison v. Harrison, 1 Litt. R. 137; Alley v. Ledbetter, 1 Dev. Eq. R. 449; Foltz v. Powrie, &c., 2 Desau. R. 40.
These cases are supported by the general current of authorities in Virginia. In Faulkner v. Harwood, 6 Rand. 125, it was decided that a bill of discovery to obtain evidence which might have been useful in a trial at law, must be filed pending the suit at law, unless some sufficient excuse is shown why it was not filed at that time. Judge Carr, quoting the observation of Lord Eedesdale, that a bill of discovery is commonly used in aid of the jurisdiction of some other court, said the bill must be filed as soon as the party discovers the necessity of appealing to the conscience of his adversary. Accordingly, in that case it was held a full and decisive answer to the bill of discovery, that it was after verdict, and no reason shown why an application was not made earlier. Judge Green, speaking for the court in Norris v. Hume, 2 Leigh 334, expressed his entire concurrence with the views of Judge Carr. And in Haseltine & Walton v. Brickey, 16 Gratt. 116, it was held that a garnishee, having effects of absent debtors in his hands, could not, after judgment obtained against him by attaching creditors and an assignee, file a bill of interpleader against them, to require them to litigate their respective rights to the fund ; but is liable to pay both judgments. Judge Leigh, in delivering the opinion of the court, said, if the party (that is, the garnishee) discloses no reason for asking the interposition of a court of equity, and wholly fails to account for the delay to file his bill until after the judgments, he will not then be entertained, any more than a party who desires a discovery from his adversary, but who delays filing his bill asking the same, until after judgment has been *361 rendered against him in the law court. See also Slack v. Wood, 9 Gratt. 40, and Allen, Walton & Co. v. Hamilton, Ibid. 255. Numerous other cases might be referred to sustaining the same views; but these are sufficient for my purpose. They conclusively establish the proposition, that a court of equity will not entertain a bill of discovery after a judgment at law, unless the party seeking relief shall show some satisfactory excuse for his failure to apply for the discovery during the pendency of the action at law.
It is the right of the plaintiff in an action at law to have the facts of his case submitted to a jury according to the forms of proceeding recognized in the Law courts. Of this right he cannot be deprived, if the matter of defence upon which the defendant relies was properly the subject of adjudication in the law tribunal, and might, by the exercise of due diligence, have been brought to the attention of that court. “When the defendant applies to a court of equity for a discovery in aid of his defence at .law, upon the coming in of the answer he discontinues his suit, and pays all the costs to which the adverse party is subject, and the trial of the cause proceeds in the appropriate forum.
“When, however, the application is after judgment at law, very different results follow. In such case, if the equity jurisdiction properly attaches for the discovery, the court proceeds to determine the whole matter in controversy. And thus' the defendant, by a simple suggestion that his matter of defence is material and that he is unable to establish it save by an appeal to his adversary, may succeed in transferring a cause of purely legal cognizance to an equity forum, and delay the plaintiff with an expensive and protracted litigation, which might have ended in a few months had the defendant thought proper to apply for the discovery while the action was pending at law. It can be neither a safe nor a just rule which thu3 enable parties to transfer the adjudication of their *362 controversies from one tribunal to another, as may best suit their inclinations or their interests. It seems to me, therefore, that the principles governing courts of equity in questions of this character, are founded in sound reasons of public policy, the dictates of common sense and natural justipe.
A difficulty arises, however, in this case, from the fact that the defendant answered on the merits, making no objection to the jurisdiction of the court. And the question next to be considered is, whether such objection may be made for the first time in this court.
It would seem to be well settled, that if the matter of the hill is not proper for the jurisdiction of any court of equity, the objection may be made by plea'or demurrer, and it may be taken at the hearing. The plea in abatement is only necessary where it appears that some other court of equity has jurisdiction, rather than that in which the suit is brought. Jones v. Bradshaw, 16 Gratt. 355.
In Morgan v. Carson, 7 Leigh, 238, a defendant against whom a judgment was recovered at law, filed a bill to enjoin proceedings on the judgment, alleging certain reasons for failing to defend himself at law, which, however, he did not prove to be founded in fact. The defendant in equity, however, made no objectiou to the jurisdiction of the court, resting his defence on the merits. The chancellor referred the accounts to a commissioner for settlement, and upon his report the judgment was perpetually enjoined. This court reversed the decree and dismissed the bill upon the ground that a court of equity had no jurisdiction of the subject.
In Hudson v. Kline, 9 Gratt. 379, the authorities are elaborately reviewed by Moncure, judge, and the rule thus announced: If a hill does not state a case proper for relief in equity, the court will dismiss it at the hearing, though no objection has been taken to the jurisdiction by the defendant in his pleadings.” See also Beckley v. Palmer, 11 Gratt. 625. In Tapp’s adm’r v. Rankin, *363 9 Leigh, 478, the plaintiff alleged that he was surprised in the trial at law by unexpected evidence ; and that he was deprived of testimony upon which he relied, by circumstances stated in.his bill, over which he had no control, and that a discovery from the adverse party was necessary for his protection. This court held that he ought to have filed his bill of discovery, before the trial, in aid of his defence at law ; that no plea or demurrer was necessary, and the injunction should have been dissolved, even though no answer was filed. This case, it seems to me, is a conclusive authority here.
In the present case, the complainant alleges that he had no means of proving, in the suits at law-, the facts upon which he relies, and he was compelled to submit to judgments. He does not pretend that these facts were not known to him during the pendency of the action ; nor does he suggest any reason or excuse for his delay in filing his bill of discovery. The bill could have been filed as easily before the rendition of the judgments, as afterwards; and the defence made in a court of law now sought to be made in a court of equity. It is true the bill contains charges of fraud, which, if sustained, would have been sufficient to give jurisdiction to the court. But the charge, and all the allegations in support of it, are denied in the answer ; and there is not a fact or exhibit in the record to sustain them. There can be no question, I imagine, that when a bill contains averments which save it from a demurrer, and they prove to be unfounded in fact, the bill will be dismissed at the hearing, though no objection is made in the pleadings to the jurisdiction. In Jones v. Bradshaw, 16 Gratt. 355, Judge Bobertson, delivering the opinion of the whole court, said, where the bill shows on its face that a court of equity has no jurisdiction, the objection may be made at any time and in any court. Where the bill alleges proper matter for the j urisdietion, if it appears at the hearing that the allega *364 tions are false, the result will be the same as if it had not been alleged, and the bill will be dismissed for want of jurisdiction.
If these views be correct, and of that there seems to be no doubt, it was the duty of the Circuit court to dismiss this bill at the hearing, instead of perpetuating the injunction : and it is now incumbent upon this court to render such decree as that court ought to have pronounced. It is to be regretted, indeed, that this cause is to be disposed of upon a point so little considered in the argument. The failure of learned counsel to discuss the question, has only induced this court to examine it with the greater care and deliberation. The principles which must guide our action seem, however, so Bimple and clear and well settled, we feel constrained to reverse the decree of the Circuit court, and dismiss the bill without regard to the merits of the original transaction.
The decree was as follows :
The court is of opinion, for reasons stated in writing, and filed with the record, that the said decree is erroneous : Therefore, it is decreed and ordered that the same be reversed and annulled, and that the appellee, Thomas ■B. Massie, do pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here ; and the court proceeding to pronounce such decree as’the said Circuit court ought to have rendered: It is further decreed and ordered, that the injunction awarded the plaintiff, Thomas B. Massie, on the 20th day of June, 1860, be dissolved, and his bill dismissed and that he do pay unto the said 'William J. Green and Charles F. Suttle, the defendants therein, their costs by them about their defence in the said Circuit court expended; which is ordered to be certified to the said Circuit court of Warren county.
Decree reversed.