# Staunton.

## TROUT'S ADM'R v. TROUT'S ADM'R & ALS.

### SEPTEMBER 12th, 1889.

HUSBAND AND WIFE—*Contracts—Case at bar.*—Husband conveyed $40,000 00 worth of land to purchaser, and promised to give his wife $10,000 00 to join in the conveyance, and by his will bequeathed her that sum, which he placed in the hands of his son and son-in-law, to be paid her at his death, and the house and lot wherein he resided, for her life. A written agreement was entered into by her with the son and son-in-law, whereby they agreed to pay her the sum of $5,000 each, and she to relinquish all claim to the $10,000 00 provided for her by the will, and to accept the payment of said sums and the real estate devised to her, in full satisfaction of all right and claim to dower or to a distributive share in her husband's estate. Afterwards, the written agreement was delivered up to her, and she cancelled it, but retained the bonds. After husband's death, she received the house and lot and her distributive share of the personalty. In a suit by her administrator against his administrator and heirs: *held,* there is no principle upon which this agreement can be enforced. (1) It was cancelled and annulled by the parties thereto. (2) It was to be in lieu of a distributive share of the estate, which was not surrendered, but demanded and received after the agreement had been cancelled. In the view taken of the case the written agreement is immaterial.

Argued at Wytheville.    Decided at Staunton.

Appeal from decree of circuit court of city of Roanoke, rendered at its April term, 1888, in the chancery cause, wherein David E. Trout, administrator of Martha B. Trout, deceased, against Henry S. Trout, as administrator of John Trout, deceased, and in his own right, and P. L. Terry and wife, his

distributees.    At the hearing, upon the pleadings and evidence,
the bill was dismissed, and the complainant appealed.    Opinion
states the case.    ·

*G. W. & L. C. Hansbrough*, and *Phlegar, Berkeley & Johnson*,
for the appellant.

*Griffin & Watts*, and *Penn & Cocke*, for the appellees.

Lacy, J., delivered the opinion of the court.

The case is as follows :  The bill was filed at November rules
1886, in the circuit court of the city of Roanoke, by the adminis-
trator of Mrs. Martha B. Trout, deceased, to enforce an agree-
ment made between the said Mrs. Trout and her husband, John
Trout, in July, 1881, whereby he, in consideration of her
uniting with him in conveying a certain tract of land to one,
Joseph I. Doran, agreed to bequeath to her at his death, $10,000.
The bill alleges that the said John Trout had died intestate,
leaving his widow, Martha B. Trout, surviving him, and unpro-
vided for by will; that the said John Trout was, during cover-
ture, seized of extensive real property; that he had alienated a
quantity to his children by a former marriage, his wife uniting
with him in the sale; that he subsequently sold $40,000 worth
of real estate to the said Joseph I Doran; that his wife, the
said Mrs. Martha B. Trout, declined to join in executing the
deed of conveyance to the said Doran for the said tract of land,
and to relinquish her contingent right of dower therein, until
and unless her husband, the said John Trout, should give her
a reasonable compensation for such relinquishment, and for the
similar rights on the other lands which they had already united
in conveying; that thereupon the said John Trout agreed with
her to give her $10,000; that he placed in the hands of his son,
Henry S. Trout, and his son-in-law, Peyton L. Terry, $10,000,
to be paid to her at his death, and made his will, bequeathing

her $10,000 and the house and lot in which he resided, for her
life; that an agreement in writing was entered into by the said
Martha B. Trout and the said Henry S. Trout and Peyton L.
Terry, by which the said Henry and Peyton covenanted as fol-
lows—viz: " That immediately upon the death of the said John
Trout, the said Terry and Trout bound themselves each to pay
to her the sum of $5,000; and she agreed to relinquish and
release all claim to the $10,000 provided for her under her
husband's will, and to accept the payment of the said sums and
the said real estate devised to her by the said will in full satis-
faction of all right or claim to dower, *or* to a distributive share
in the personal property of her said husband." The word " *or* "
is not distinct enough to be copied, and it is said by the copyist
to be either " or " or " and." Much discussion was indulged
in and some testimony taken on this dispute, but we regard it
as immaterial. The meaning must have been the same, which-
ever was actually written. And moreover, in the view we take
of this case, the agreement itself is immaterial. The agree-
ment, being signed, was delivered to H. S. Trout; and the said
Henry and Peyton *each* executed an agreement, as follows—viz:

"$5,000.—Immediately after the death of John Trout, I
promise to pay to Mrs. Martha B. Trout, five thousand dollars,
*the same stipulated upon by me in a contract made on this day between
P. L. Terry, Henry S. Trout, and Mrs. Martha B. Trout, the in-
terest to be paid* John Trout during his life," &c.

The matter stood thus until Mrs. Trout became dissatisfied
with the arrangement, and, upon her complaint, her contract
was delivered up to her and cancelled by tearing therefrom
the names, and the will of her husband destroyed; but she
kept the bonds of $5,000, and at her death this suit was brought
by her administrator, she having survived her husband.

The defence is that when Mrs. Trout refused to unite in the
sale to Doran, her husband agreed to provide for her by will,
and made his will, as stated; that subsequently she became dis-

satisfied with the way the matter stood, and, upon the ground that her husband might not keep the faith, and might destroy his will, if he chose, she asked for the stated contract and two bonds, and received them as security for the due execution of his will, as agreed; that subsequently Mrs. Trout asked for the agreement for inspection, and refused to again deliver it, and tore off the signatures, but kept the bonds.

Mrs. Trout abandoned the above-stated agreement when she found that her distributive share of the personal estate would amount to more than the $10,000 provided for her by the other arrangement; that she did, during her lifetime, receive the real estate mentioned in the will, which was prepared and afterwards destroyed in the lifetime of the maker, and that she was actually paid over $11,000 out of the personal estate of her husband, the proceeds of the sale to Doran; and that the original agreement and the bonds having been executed to be in lieu of her said share of the personal estate, and she having destroyed the agreement and received the distributive share aforesaid, her administrator could not now collect of the appellees, Henry Trout and Peyton L. Terry, the bonds which were executed to be in lieu thereof. There were depositions taken; the two $5,000 bonds and the said agreement, with the signatures torn therefrom, were exhibited, and at the hearing the circuit court dismissed the bill of Mrs. Trout's administrator, and he applied for and obtained an appeal to this court.

We think the decree of the circuit court was plainly right. The bill was demurred to, and the demurrer was overruled by the court, and the bill dismissed on the merits.

The demurrer is ably argued by the learned counsel for the appellees, the bill being claimed by them to be multifarious, being a demand—first, against Henry S. Trout as administrator, and then against him individually for $5,000; and then against Peyton L. Terry on his promise to pay $5,000—thus, it is contended, stating two distinct causes of action wholly inconsistent

with each other, and incapable of standing together; citing *Universal Life Insurance Co.* v. *Devore*, 83 Va., 267, and other cases.

We waive this question, however, because in this case, if the bill had been held multifarious, it would have been proper to dismiss it at the hearing, and this was done. *Hudson* v. *Cline*, 9 Gratt., 379; *Berkeley* v. *Palmer*, 11 Gratt., 625; *Green* v. *Massie*, 21 Gratt., 256; Barton's Chancery Practice, 252. And the order of the circuit court is plainly right.

There is no principle upon which this agreement can be enforced. (1) It was cancelled and annulled by the parties thereto; (2) it was to be in lieu of a distributive share of the estate which was not surrendered, but demanded and received after the agreement had been cancelled. The decree of the circuit court of Roanoke city appealed from is affirmed.

DECREE AFFIRMED.