83 267
88 779

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## UNIVERSAL LIFE INS. CO. V. DEVORE.

### APRIL 28th, 1887.

1. CHANCERY PRACTICE—*Pleading—Clearness.*—It is an elementary rule that the bill must state the claim of plaintiff with accuracy and clearness ; also the injury or grievance and the relief.

2. IDEM—*Multifariousness.*—A bill which sets forth two distinct and inconsistent causes of action, upon two different policies of insurance, one actually issued, upon which premiums were not paid, the non-payment being excused by the alleged insolvency of the company ; the other, which ought to have been issued, because the first had been surrendered and receipted in full to the company, is bad on demurrer.

Appeal from three decrees of chancery court of city of Richmond, rendered, respectively, May 29th, 1884, May 2d, 1885, and June 23d, 1885, in the cause of Elbert Devore and others, complainants, and the Universal Life Insurance Company, defendants. The decree being for the complainants the company appealed. Opinion states the case.

*R. L. Maury* and *E. H. Fitzhugh*, for the appellant.

*John Hunter*, *G. J. Hundley*, *S. D. Davies*, and *W. C. Carrington*, for the appellees.

LACY, J., delivered the opinion of the court.

The bill was filed in the said court on the fifth day of April, 1880, against the non-resident company, The Universal Life Insurance Company, domiciled in the State of

New York, and an attachment levied on the real estate of the said company situated in the city of Richmond, within the jurisdiction of the court, to enforce the payment of the policy issued by the said company on the thirteenth day of March, 1871, for $8,000, and numbered 10,971, upon the life of Frances C. Devore, payable to the husband of the said assured, Elbert C. Devore, and the children of the said Frances. The bill states that the premium on the said policy was annually paid, until six annual premiums had been paid up, to and including the premium due March 13, 1876; that on the last named day the company was insolvent, and the premium falling due on that day was not paid; that the said Frances C. Devore departed this life on the first day of September, 1878; that on the thirteenth of March, 1877, when there was this failure to pay, the company was insolvent, and there was therefore no obligation on them, the complainants, to pay premiums on the said policy; and that they are entitled to recover the full amount of the said policy, with interest from ninety days after the death of the assured.

It is then claimed that they are entitled to recover this amount for another reason. It is stipulated in the said policy, or in a certificate or agreement that is annexed to it, and is a part of it, that said policy may be exchanged for a paid-up term policy of the same amount, on the life of the insured, for a term as stated in a table annexed to said certificate and agreement, subject to the conditions and provisions following, to-wit: That at least three full annual premiums shall have been paid; that said policy shall be duly transmitted to and received by the said company, before default in the payment of any of the premiums due thereon, or within thirty days thereafter, and no condition of the said policy shall have been violated; that by the terms of the new policy the full amount named in the said policy shall become payable on the

death of the insured, provided the death occur within the time named by the new policy; that, the full amount of six annual premiums having been properly paid on said policy, the said company were bound, according to the table aforesaid, to issue a paid-up term policy on the life of the said Frances C. Devore, to remain in full force for four years and thirty-six days from the thirteenth day of March, 1877, and that within this period the said Frances C. Devore died, to-wit: on the first day of September, 1878, and that said policy, in contemplation of law, in effect became a paid-up term policy for four years and thirty-six days from the said thirteenth day of March, 1877; that all the conditions and provisions required to this end were substantially and legally complied with, etc.

The defendant company demurred to this bill as multifarious in stating two distinct causes of action, the one wholly inconsistent with the other, and both not capable, by their terms, of standing together and existing at the same time.    The demurrer was overruled by the said chancery court of the city of Richmond, when the defendant answered, and testimony was taken, and the cause otherwise progressed to a final decree therein; when the chancery court decreed against the defendant company for the full amount of the policy sued on; whereupon the defendant company appealed to this court.

The first error assigned here is as to the action of the chancery court in overruling the said demurrer to the bill of the plaintiffs.    The bill sets forth, as we have seen, two distinct causes of action; is a suit upon two different policies of insurance,—one a policy actually issued, upon which premiums were not paid when due, which default is excused by the alleged insolvency of the company; the other is a policy which ought to have been issued, because the first had been surrendered and receipted in full to the company.    But both of these pretensions cannot stand and

·exist together. If the first policy has been receipted in full, and surrendered to the company during the life of the insured, no action can be maintained on that in any forum—it has been duly canceled; and, if it has not been ·receipted in full and surrendered, then, by its express terms, the new policy could not be demanded—could not be issued under the agreement between the parties. The plaintiffs must be required to state distinctly in their bill what their claim is,—whether they sue on the old policy, and demand its enforcement, or whether they abandon that and claim under the paid-up term policy. Both they cannot possibly do, as one is inconsistent with the other. It is not pretended that both of these policies did or could co-exist. It is distinctly claimed that one was to be surrendered and the other issued. Upon which, then, are the plaintiffs claiming their right to recover? The bill is bad on demurrer, because the cause of action is thus laid in the alternative. The defendant is entitled to know what is the contract upon which the suit is brought, and upon which he is called to answer. A policy of insurance is a contract, and is to be governed by the same principles as govern other contracts. Its language is to receive a reasonable interpretation. Its intent and substance, as derived from the language used, should be regarded. *Home Ins. Co.* v. *Gwathmey*, 1 S. E. Rep. 210, and cases there cited.

Great strictness is not generally required in equity pleading, certainly not in the structure of bills and answers, but it is an elementary rule of the most extensive influence that the bill should state the right, title, or claim of the plaintiff with accuracy and clearness; that it should in like manner state the injury or grievance of which he complains, and the relief which he asks of the court. There must be such certainty in the averment of the title upon which the bill is founded, that the defendant may be distinctly informed of the nature of the case which he is

called upon to meet. Story's Eq. Pl. § 241; *Houghton* v. *Reynolds*, 2 Hare, 266.

This case in all its parts, from first to last, illustrates the wisdom of the foregoing rules; but, as the demurrer must be sustained, the plaintiffs can file a new bill, and it is not necessary, nor would it be proper, to pass upon other questions raised here now.

The decrees complained of will be reversed and annulled, and the cause remanded for further proceedings to be had therein upon a new bill, if such shall be filed.

DECREE REVERSED.