47  817
54  702

# CHARLESTON.

HOOD v. MORGAN *et al.*

Submitted January 30, 1900—Decided April 7, 1900.

1. BILL—*Allegations—Evidence—Decree.*
    Every fact necessary to make out the case must be certainly and positively alleged, for the court pronounces its decree as based upon the allegations as well as the evidence. (p. 820).

2. NOTE—*Judgment—Subrogation—Contribution.*
    B. brought her action against C., the principal, and C., H., and M., as sureties, on a note. M. denied making the note. Case tried by jury; H. taking an active part, consulting and as witness in behalf of plaintiff, seeking to hold M. liable on the note. Verdict and judgment for M. against B. for costs, while plaintiff recovered against the other defendants. H. paid the judgment of plaintiff in full, and sued M. for contribution as co-surety. *Held*, that, H.'s right being only by subrogation to the rights of B., M. was not liable for contribution, not having been liable to B. on the note. (p. 821).

Appeal from Circuit Court, Marion County.

Bill by William Hood against J. M. Conaway and others. Decree for plaintiff, and defendant, Morgan, appeals.

*Reversed.*

W. S. MERIDITH, for appellant.

A. B. FLEMING, G. A. VINCENT, and R. F. FLEMING, for appellee.

McWHORTER, PRESIDENT:

This is a suit in chancery by William Hood, prosecuted in the circuit court of Marion County, against J. M. Conaway and others, for the purpose of recovering from defendant, John W. Morgan, as co-security of plaintiff, contribution for money collected from plaintiff by Ann M. Barrackman, as one of the securities of defendant, J. M. Conaway, on a note purporting to be signed by J. M. Conaway, Grafton S. Conaway and J. W. Morgan, all of whom are defendants to this suit, and by the plaintiff, William Hood, for the sum of five hundred dollars, dated September 22, 1896, and payable one day after date to the order of Ann M. Barrackman. The said payee brought her action at law against the makers of said note in the intermediate court of Marion County, when the said John W. Morgan made defense in said action on said note by filing proper pleas and affidavits, denying his signature thereto, and defeated said action, and received a verdict of the jury which tried the case, and the judgment thereon of the court, in his favor, against the said Ann M. Barrackman, while the plaintiff recovered her verdict and judgment on said note against the other defendants to said action, which judgment, amounting, including interest and costs, on September 6, 1897, to the sum of five hundred and fifty-nine dollars and fifty-six cents, was paid wholly by said William Hood, who filed his bill in this cause, setting up the fact of such payment, and praying that defendant, John W. Morgan, be required to contribute as a co-surety on said note, and pay to said Hood one-half the amount he had been required to pay in discharge of said judgment to said Barrackman. Said Morgan filed his demurrer to said bill; which being overruled by the court, he filed his answer, denying the material allegations of the bill. The defend-

ants, Grafton S. Conaway and J. M. Conaway, filed their several separate answers, in which they admit the allegations of the bill. General replications were made to said answers. Depositions were taken and filed, and the cause finally heard on the 13th day of July, 1898, when the court held that said Morgan was a co-surety with plaintiff, Hood, upon the said note, and liable to him for one-half thereof,—the defendants, Grafton S. Conaway and J. M. Conaway being insolvent,—and decreed that said Morgan pay to plaintiff, Hood, two hundred and seventy-seven dollars, with interest thereon from July 13, 1898, and the costs of his suit, from which decree said Morgan appealed to this Court, and assigned the following errors: (1) In overruling defendant's demurrer to plaintiff's bill; (2) in adjudging that defendant was liable to plaintiff for the one-half ot the Barrackman note, and liable to contribute to plaintiff, as a co-surety on said note; (3) in adjudging and decreeing that defendant ·was in any wise liable on said Barrackman note; (4) in adjudging, ordering, and decreeing that defendant pay to the plaintiff, William Hood, two hundred and seventy-seven dollars, with interest thereon from July 13, 1898; (5) in entering said decree, as the findings therein were not warranted by the evidence in said cause, but were contrary to the law and the evidence; and (6) in hearing said cause on the answers of J. M. Conaway and Grafton S. Conaway, as the same had not been filed in said cause.

It is insisted by the appellant that the bill is defective, in that it failed to allege that plaintiff, Hood, after paying the judgment obtained on said note, used due diligence to obtain reimbursement from the principal debtor, J. M. Conaway, without effect, or that said J. M. Conaway was insolvent. In *McCormack's Adm'r.* v. *Obannon's Ex'r*, 3 Mumf. 484, it is held: "A court of equity will not compel a surety on a bond to contribute to the relief of his co-surety, who has been forced to pay the debt, unless it appear that due diligence was used, without effect, to obtain reimbursement from the principal obligor, or that he was insolvent." Also reported in 5 Am. Dec. 509; 3 Am. & Eng. Dec. Eq. 166; 4 Am. & Eng. Enc. Law 4. The plaintiff fails to allege that he made any effort whatever to obtain reimburse-

ment from the principal debtor before bringing his suit, and there is no sufficient allegation of his insolvency. The only allegation that can be called such, touching that matter, is where plaintiff savs that, at the time said note was executed and delivered to said Barrackman, plaintiff knew that J. M. Conaway was worth very little, if anything, and that, if he did not pay said note, his sureties would have to pay the same, in connection with a further allegation that defendant, J. W. Morgan, had successfully defended the action, as against himself, of Barrackman, on said note; and, after alleging directly and positively the insolvency of Grafton S. Conaway at the time of the rendition of said judgment and since, he says: "The said Grafton S. Conaway and the said J. M. Conaway, both being insolvent, left the whole burden of said note and said judgment upon the plaintiff, who was obliged to, and did, pay the same," etc. This is not a distinct allegation that said J. M. Conaway was at the date of said judgment, and had continued since, insolvent. "Every fact necessary to make out the case must be certainly and positively alleged, for the court pronounces its decree as based upon the allegations as well as on the evidence." *Guano Co.* v. *Heatherly*, 38 W. Va. 409, (18 S. E. 611); Barton, Ch. Prac. 264; Story, Eq. Pl. §§ 256, 257; *Cleaver* v *Matthews*, 83 Va. 801, (3 S. E. 439); *Insurance Co.* v. *Devore*, 83 Va. 267, (2 S. E. 433); *Nash* v. *Nash*, 28 Grat. 686.

Appellant insists that he cannot be required to contribute one-half or any part of the Barrackman judgment on the ground that he was liable to Barrackman as co-surety with plaintiff, as that question was fully settled in the action of Barrackman against the Conaways, Hood and Morgan, wherein there was a trial before a jury of the issue made, and verdict and judgment in favor of Morgan against Barrackman, which action was brought by Barrackman against the makers of the note at the instance of plaintiff, Hood, for the purpose of holding defendant, Morgan, liable as a co-surety; and in the trial of said action it appears, from the record in this cause, that he took an active part in behalf of said Barrackman against said Morgan, both in consulting and as a witness. It also appears that others of plaintiff's witnesses in this cause were also witnesses.

against Morgan in that case.   There do not appear, from anything in the record, to be any contractual relations between plaintiff, Hood, and defendant, Morgan.   The only liablity, if any existed, was that of mutual burden bearers which depended solely on their liability on said note to Barrackman.   That matter had been settled by the verdict of a jury, and the judgment of a court of competent jurisdiction, and Morgan found not to be liable on the obligation to Barrackman.   In *Corrothers* v. *Sargent*, 20 W. Va. 351, (Syl., point 1):   "It is well settled that a point once adjudicated by a court of competent jurisdiction, however erroneous the adjudication, may be relied on as an estoppel in any subsequent collateral suit in the same or any other court, at law or in chancery, when either party, or the privies of either party, allege anything inconsistent with it; nor is it necessary that precisely the same parties were plaintiffs or defendants in the two suits."   Also, in *Nave* v. *Adams*, 107 Mo. 414, 17 S. W. 958, 28 Am. St. Rep. 421:   "A judgment is conclusive of the issues involved in a controversy, as between the parties and those standing in privity with them, although in the action in which it is pleaded some, only, of the parties are litigants."   Plaintiff's right to contribution, if any he had, was based upon Morgan's liability to Barrackman, and plaintiff's subrogation to the rights of Barrackman.   If Morgan's liability to Barrackman had been established, his equitable liability to Hood for contribution, after Hood was forced to pay the debt, would have been also established.   "Contribution among co-sureties does not arise from any contract between them, but from the principle that equality is equity." *Moore* v. *Moore*, 11 N. C. 358, 15 Am. Dec. 523.   In *Russell* v. *Failor*, 1 Ohio St. 327, 59 Am. Dec. 631, it is held that an "action for contribution from a co-surety can only be sustained when a just and equitable ground exists therefor, since the right is founded not in the contract of suretyship, but is the result of a general principle of equity, which equalizes burdens and benefits; and the common law has adopted and given effect to this equitable principal.   The contract of suretyship is accessory to the obligation contracted by another, and it is of the essence of the contract that there be a subsisting, valid obligation of a principal

debtor,"—in which case it is said in the opinion of the court, "The utmost extent to which a surety who has made payment can claim is a subrogation to the rights of the creditor so that he will rank against the debtor in the same degree as the creditor would have done if he had not been paid." *White* v. *Banks*, 21 Ala. 705, 56 Am. Dec. 283; 1 Story, Eq. Jur. § 493. "Privies are those who are partakers, or have an interest in any action or thing, or any relation to another." *Marr* v. *Hanna*, 7 J. J. Marsh. 643; *Orthwein* v. *Thomas*, (Ill. Sup.) 21 N. E. 430, 11 Am. St. Rep. 173. For general rule as regards privies, see 21 Am. & Eng. Enc. Law, 139, and authorities cited. In *Briggs* v. *Boyd*, 37 Vt. 534, it is held that, if a surety has no notice of a suit against a co-surety, he is not bound by the judgment, and may therefore show, in a suit against himself by the co-surety for contribution, any legal defense which he might have pleaded in bar of a suit upon the note. That is, if Morgan had not been a party to the action of Barrackman, and the judgment had been alone against Hood, in a suit of Hood against Morgan, for contribution Morgan could have made the same defense he did against Barrackman, and, Hood's rights being by subrogation to the rights of Barrackman, the judgment is *res adjudicata*. In paying off the judgment against himself, Hood cannot claim that he relieved Morgan of any burden, as it had already been determined by the judgment of the court that there was no liability on him by reason of the Barrackman note. The judgment in favor of Morgan against Barrackman was final, and the only way to get rid of the effect of it was by motion for a new trial, or writ of error in case such new trial should not have been granted. It is claimed by appellee that J. M. Conaway signed the name of Morgan to the Barrackman note as the authorized agent of Morgan. Conaway could not act as the agent of Morgan in a transaction with himself as principal. Browne, St. Frauds, §§ 367, 368, and authorities cited; Story, Ag. §§ 9, 10, 210, 211. It is also contended by appellee that Morgan subsequently ratified the action of J. M. Conaway, and promised to pay his proportion of the note. *McMahan* v. *Geiger*, 73 Mo. 145, 39 Am. Rep. 489, was a case where J. H. Creighton made his note to John O'Day for five hundred dollars, with

John F. McMahan as security. No part of the money was received by McMahan. He was simply security. Some two or three months after the execution and delivery of the note, and after the consideration for it had passed, O'Day, the payee, requested Geiger to sign the note, which he did. After default, O'Day brought suit against Creighton, McMahan, and Geiger, process was duly served on the first two, and Geiger made the following indorsement on the back of the writ: "I hereby acknowledge service of the within writ, and waive the necessity of service by an officer, and consent that judgment be entered against me and co-defendants on the same." Judgment by default was rendered against all three of said defendants. McMahan paid in satisfaction of the judgment six hundred and seventy-eight dollars and sixty cents. McMahan brought the suit against Geiger, as co-security, for contribution. The court unanimously held that the defendant Geiger's signing imposed no liability, and that he was not precluded from setting up that defense, as against McMahan, by the judgment. A letter written by Morgan to Hood, dated March 1, 1897, some six months after the. making of the Barrackman note, is relied upon as a ratification of the act of signing by J. M. Conaway, and a promise to pay a portion of the note, wherein he says: "Well, Mr. Hood, this seems to be not the proper time to cause any more trouble. So you may consider me a party to the Barrackman note." There is no direct promise in this to pay any portion of the note, and, if there had been, the promise was without consideration. In *Winkler* v. *Railway Co.*, 12 W. Va. 699, it is held that "the promise of one person to pay the debt of another, though in writing, must be founded on a consideration, to make it binding; and, if there is an attempt made to declare upon it specially, the count or counts must set forth the consideration." It is claimed, also, that Morgan agreed at one time to confess judgment on the Barrackman note, and then refused to do so; and, while Morgan denies this, there is evidence tending to prove it to be true. But, without a consideration, it could not bind him, if true.

It is claimed by appellant that the court erred in hearing the cause on the answers of J. M. Conaway and Grafton S.

Conaway, as the same had not been filed in said cause. The answer of J. M. Conaway appears to have been verified on the 19th day of November, 1897, and that of Grafton S. Conaway on the 4th day of December, 1897. While there is no order filing these answers prior to the decree of July 13, 1898, the decree recites that "the cause came on this day to be heard upon the bill and exhibits filed therewith, the separate answers of the defendants, John W. Morgan, J. M. Conaway and Grafton S. Conaway, and exhibits filed therewith, and general replication to said answers," etc. The decree seems to indicate a sufficient filing of said answers. They were evidently in the papers of the cause, and it is a very common practice to file answers and other pleadings, and notice the fact thereof in the same decree adjudicating the cause. Perhaps the better practice would be to first file all the pleadings before the hearing. For the reasons herein stated, the decree will be reversed, and the plaintiff's bill dismissed.

*Reversed.*