SHAWMUTT LUMBER COMPANY v. WAITES.

Opinion delivered February 7, 1916.

JUSTICE COURTS—JURISDICTION—PRAYER FOR JUDGMENT AND ATTACHMENT.
—A. brought suit against B. in justice court, praying for judgment
for a sum named, on account of labor performed, and for an order
of attachment on certain lumber. *Held*, the justice had jurisdic-
tion to render a personal judgment against B., and on appeal to
the circuit court, where the case is tried *de novo*, the circuit court
has the same jurisdiction as the justice court; an order of attach-
ment, issued by the justice was subsidiary and incidental to the
relief prayed, and a prayer for such order does not constitute the
action a proceeding *in rem*.

Appeal from Pike Circuit Court; *Jefferson T. Cow-
ling,* Judge; affirmed.

STATEMENT BY THE COURT.

On the 25th of November, 1914, the appellee filed
before a justice of the peace the following affidavit (omit-
ting formal parts); ''The plaintiff, W. F. Waites,
states that the defendant, the Shawmutt Lbr. Co., is
justly indebted to him in the sum of $133.49, for labor
performed by plaintiff for the defendant for hauling saw
logs to defendants saw mill, etc.'' Appellee prayed for

judgment and an order of attachment. Summons was issued and included therein was a writ of attachment, commanding the Shawmutt Lumber Company to appear on the 10th of December, 1914, to answer the claim of plaintiff for debt amounting to $133.49.

On the 12th of December, 1914, a trial was had before a jury which returned a verdict in favor of the appellee against appellant for the amount claimed, and also sustaining the attachment of the lumber described in the writ of attachment, and judgment was entered directing a sale of the lumber to satisfy the demand. The appellant, on the day the judgment was rendered, gave notice and prayed for an appeal to the circuit court, and on the 4th day of January, 1915, it filed an affidavit and appeal bond, which provided that if the appeal should be dismissed it would satisfy the judgment of the justice, or if judgment should be rendered against it on a trial anew in the circuit court it would satisfy that judgment. The justice refused to grant the appeal. Application was made to the circuit court for an order requiring the justice of the peace to grant the appellant an appeal, and for a restraining order against the appellee, the justice, and the sheriff from further proceedings under the justice's judgment, and the appellant tendered with the application his appeal bond. The circuit judge granted the prayer of the petition and granted the appeal. The appeal was perfected, and on the 16th of March a trial was had by a jury in the circuit court. Evidence was adduced and the court instructed the jury, to which no exceptions were saved, and the jury returned a verdict in favor of the appellee in the sum of $136.15. The appellant's motion for a new trial was overruled, judgment was entered against appellant and the sureties on its bond, and it duly prosecutes this appeal. Other facts stated in the opinion.

*J. W. Bishop,* for appellant.

1.    Where the error is apparent from the face of the record no motion for new trial is necessary, 26 Ark. 536, 662; 46 *Id.* 21; 61 *Id.* 35.

On appeals from justice courts, the circuit court only acquires such jurisdiction as the J. P. had, and can render only such judgments as the justice should or could have rendered. 77 Ark. 234; 85 *Id.* 445; Kirby's Digest, § 4682; 48 Ark. 353; 44 Ark. 377; 61 *Id.* 33; 85 *Id.* 444. This case was *in rem* involving a lien on lumber. It was error to permit plaintiff to change to an action *in personam. Cases supra.*

*C. E. Johnson,* for appellee.

1. This court will not review the instructions. 41 Ark 535; 44 *Id.* 103; 59 *Id.* 215; 62 *Id.* 262.

2. There is legal evidence to support the verdict. 51 Ark. 457; 56 *Id.* 314; 46 *Id.* 142. The verdict is conclusive where there is a conflict of evidence. 70 Ark. 513; 67 *Id.* 399; 70 *Id.* 136. This court only considers errors in the ruling of the trial court. 85 Ark. 200.

3. The trial court has the witnesses before it and has opportunity to observe their manner of testifying and demeanor, and if it permits the jury's verdict to stand, it is conclusive unless wholly unsupported by legal evidence. 76 Ark. 373; 78 *Id.* 589; 76 *Id.* 615; 71 *Id.* 242; 112 Ark. 305; 74 Ark. 478.

4. There was no change in the action. A personal judgment was sought; the attachment was only an ancillary proceeding. Judgment was properly rendered against appellants and his sureties on the appeal bond. 97 Ark. 97.

WOOD, J., (after stating the facts). We treat as abandoned those grounds of the motion for a new trial that are not specifically argued in the brief. Therefore, the only question for our consideration on this appeal is whether or not the circuit court had jurisdiction to render the judgment against the appellant and the sureties on its appeal bond.

The appellant's counsel urges that the circuit court was without jurisdiction for the reason, as he states, that the cause was one *in rem,* involving the question as to whether or not the appellee was entitled to a lien on a certain pile of lumber owned by the appellant. The affi-

davit, to which we must look for the jurisdiction of the justice, prayed for judgment in the sum named and for an order of attachment. The justice therefore had jurisdiction to render personal judgment against the appellant, and on appeal to the circuit court the case was tried *de novo* and the circuit court had the same jurisdiction that the justice court had. The order of attachment was subsidiary and incidental to the relief prayed, and prayer for such order did not constitute the action a proceeding *in rem* as appellant contends. When judgment was rendered against the appellant in the justice court and it filed its appeal bond, under the provisions of that bond the appellant and its sureties were bound to satisfy any judgment that should be rendered against it.

By the express terms of the bond the appellant and its sureties became liable for any judgment rendered by the circuit court, and that court, therefore, did not err in entering judgment against the sureties on the bond as well as against the appellant. The judgment is therefore affirmed.