## LASHBROOKE *v.* COLE.

### Opinion delivered May 15, 1916.

SURETYSHIP—RELEASE OF ONE SURETY—RIGHT OF CONTRIBUTION—FAILURE TO PLEAD DEFENSE—RES ADJUDICATA.—A. and B. were sureties on a note to C. B. was released from liability by reason of C.'s failure to bring suit as required by Kirby's Digest, § § 7921 and 7922. Judgment was obtained against A. for the full amount, which A. paid and sued B. for contribution. *Held*, A. had the right to plead the discharge of B., thereby releasing himself from one-half his original liability to C., and having failed to do so, can not recover contribution from B.

Appeal from Poinsett Chancery Court; *Charles D. Frierson,* Chancellor; affirmed.

*Basil Baker* and *Horace Sloan,* for appellant.

1. The giving of the alleged notice did not discharge the liability to contribution, because (1), the notice was not sufficiently peremptory, or definite. (2) Jacobs, the principal, was insolvent at the time of giving the notice. (3) The notice was not properly served. (4) The statute has no application to the right of contribution between co-sureties, but applies solely to liability to creditors. Kirby's Dig., § § 7921, 7922.

2. The plea of *res adjudicata* was untenable, and the notice was not sufficiently peremptory or definite. The statute must be strictly construed. 82 Ark. 407, 413; 15 *Id.* 132; 2 Brandt on Sur. & Guar., § 771; 7 Ark. 394-6; 46 Am. Dec. 293; 32 Cyc. 104. The notice must be that suit will be brought against all parties. 36 Iowa 270; 64 Ia. 423; 20 N. W. 744. The notice was not sufficient. 7 Ark. 396; 46 Am. Dec. 293; 32 Cyc. 104; 36 Iowa 270; 64 *Id.* 423; 20 N. W. 744.

3. Jacobs was insolvent at the time of notice. 27 A. & E. Enc. Law 515; 62 Ark. 629; 34 S. W. 78; 43 Ga. 442; 7 N. C. 27; 73 Iowa 451; 25 Pa. St. 525; 76 S. W. 317; 9 Cal. 537; 37 Am. St. 587.

4. The notice was not properly served. Kirby's Dig., § 6267.

5. This statute has no application to the right of contribution between co-sureties, but applies solely to liability to the person notified, *i. e.,* the creditor. 27 N. E. 443; 61 Me. 541.

5. Under the statutes the liability is both joint and several. The notice to sue is strictly personal in its effect to the surety who gave it. 38 Miss. 499; 94 Ind. 433; 96 Ind. 491; 32 Ind. 438; 44 Ark. 349.

6. The plea of *res adjudicata* is not tenable. Kirby's Digest, § § 6247, 6228, 6232. The burden was on defendant. 111 Ill. App. 105; 76 N. E. 286, and many others.

*L. C. Going,* for appellee.

1.  By giving notice, appellee was released.  Kirby's Dig., § § 7921-2; 6 Ark. 354; 3 Dana (Ky.) 160.

2.  The surety is not liable.  58 Miss. 581; 3 S. C. 564; 11 Mo. 524; 121 Mass. 116; 54 Pac. 995; 62 Ark. 92; 47 W. Va. 817; 1 Ohio St. (59 Am. Dec. 631) ; 37 Vt. 537.

3.  The rule of *res adjudicata* applies.  105 Ill. App. 454; 94 Ind. 366; 24 N. W. 158; 57 Mich. 422; 93 N. W. 158; 47 Vt. 620; 79 Ark. 450; 5 S. W. 536; 39 S. E. 732; 44 S. W. 254; 91 *Id.* 416; 60 N. E. 1110; 63 N. E. 823.

4.  To sum up, appellee was released, because:  (1) Lashbrooke having paid the note after judgment, was subrogated to the rights of Mrs. Briant; (2) Cole was released from liability to Mrs. Briant, and plaintiff's cause of action being based upon the fact that he paid the judgment and succeeded to her rights; and she has none against Cole.  105 Ill. App. 454; 94 Ind. 366; 24 N. W. 158; 93 *Id.* 158; 47 Vt. 620; 79 *Id.* 450; 5 S. W. 536; 39 S. E. 732; 44 S. W. 254; 91 *Id.* 416; 60 N. E. 1110; 64 *Id.* 823.

SMITH, J.  The parties to this litigation were the sureties of Ed. L. Jacobs upon a note executed by him to the order of Mrs. W. A. Briant.  A year after the maturity of the note Mrs. Briant sued appellant alone on this note, but before the trial of the case she amended her complaint and made appellee a party also.  Appellee filed an answer in which he alleged his discharge from liability by reason of Mrs. Briant's failure to bring suit within thirty days of a notice requesting her so to do, pursuant to sections 7921 and 7922 of Kirby's Digest.  At the trial of the cause the jury returned separate verdicts upon the issues raised, the first of which was as follows:  "We, the jury, find for the defendant, B. F. Cole (signed) N. J. Hazel, foreman."  The second verdict read:  "We, the jury, find for the plaintiff in the sum of $1,000 note and with interest from date less $250.  (Signed) N. J. Hazel, foreman."  The $250 represented a payment made by Jacobs, and is a fact of no importance in this case.  And upon these verdicts the following judgment was rendered:  "It is therefore considered, ordered and adjudged

by the court that the plaintiff, Mrs. Briant, have and recover of and from the defendant Ed L. Jacobs and the defendant, C. E. Lashbrooke the sum of $1,007.39, and all the costs of this proceeding.''

Later, upon the issuance of an execution, Lashbrooke paid this judgment, and he thereupon demanded of Cole that he pay one-half thereof, and upon Cole's refusal so to do brought this suit and has prosecuted this appeal from a judgment of the court below denying him the right of recovery.

A number of interesting questions are discussed in the briefs, among others, the sufficiency of the notice given by Cole to Mrs. Briant to sue. But, we think those questions are concluded by the judgment above mentioned.

It is now urged by appellee that the judgment in his favor, in the suit of Mrs. Briant against him and his co-surety, exonerates him from any liability in favor of Lashbrooke, and we think the decision of that question is decisive of all other questions raised in the case.

Appellant says first that there has been no judgment in Cole's favor, but we do not agree with him in this contention. The judgment sets out the verdicts of the jury in *haec verba* and upon these verdicts judgment is pronounced in favor of the plaintiff against Jacobs and Lashbrooke only and the necessary effect of this recital and judgment is to exclude Cole from liability to Mrs. Briant on account of this note.

The real question in the case is whether or not the judgment is *res adjudicata* of the right of contribution between these sureties. We find a sharp conflict in the authorities on this subject, and the leading cases are cited in the note to the case of *Central Bank & Security Co.* v. *U. S. F. & G. Co.,* 80 S. E. 121, 51 L. R. A. (N. S.) 797. This is an opinion by the Supreme Court of West Virginia, and there are well considered opinions by the judge who delivered the opinion of the majority, and by the judge who delivered a dissenting opinion. The majority opinion supports appellant's view, and in doing so, overruled in effect the former opinion of that court in the case

of *Hood* v. *Morgan,* 47 W. Va. 817, 35 S. E. 911. In this case note, it is said: "And the principles applied and decision reached in the Central Bkg. & Security Co. case are in full accord with those of *Koelsch* v. *Mixer,* 52 Ohio St. 207, 39 N. E. 417, wherein it was held that it was no defense to an action for contribution between co-sureties that the defendant surety had been exonerated by the jury in the original action, which had been brought by the obligee jointly against both sureties, the ground being that they were not adversely interested in the original action, and that the conclusiveness of the judgment therein depends upon the question whether an issue was joined between the parties and determined material to their respective rights in the action for contribution."

In reviewing the cases on the subject, the author of this case note says: "One line of cases is authority for the rule that the original judgment is not *res judicata* as between the sureties, unless such sureties are adversely interested in the original action, and held that sureties, when jointly sued, are not so adversely interested. These cases, however, seem hard to justify, because the sureties, although co-defendants, are in effect adversely interested, since exoneration of one ordinarily increases the liability of the others. This would certainly be true where the surety or sureties held liable would have a right to question the exoneration of the other sureties in an appellate court.

"The other, and seemingly the better, rule is that the judgment in the original action is conclusive as between all those who were parties thereto, even though they were not in form adverse parties, and irrespective of the objection that the cause of action between the obligee and the sureties is technically different from that between the sureties for contribution."

This case note cites as foremost perhaps among those cases which adopt the view we approve, the case of *Ruff* v. *Montgomery,* 83 Miss. 185, 36 So. 67. This Mississippi case is identical with the case under consideration. Chief Justice Whitfield, speaking for that court, said: "Mont-

gomery's defense was that the judgment in the first suit before the justice of the peace, releasing him from all liability, is a bar to any recovery against him by Ruff for contribution, the said judgment of the justice of the peace standing unreversed. Ruff should have appealed from the judgment of the justice of the peace holding him and releasing Montgomery. On such appeal there would have been presented for decision not only the right of the creditor to hold Ruff, but the rightfulness of the release of Montgomery. Ruff had the right, necessarily, to have that question also examined and determined on appeal because of the fact that the release of Montgomery directly affected the measure of Ruff's liability to Blackard, the plaintiff. He had an appealable interest in the rightfulness of the determination of the justice of the peace in discharging Montgomery. As said in 2 Cyc. p. 633: 'In legal acceptation, a party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest,' * * * The extent of Ruff's liability was directly affected by Montgomery's discharge, and the relation between Ruff and Montgomery was such, arising out of their suretyship contract and the principles of contribution flowing therefrom, that it would have been perfectly proper on the appeal to have determined the rightfulness of Montgomery's discharge. This being so, the judgment constitutes a bar to any recovery from Montgomery, as properly held by the circuit judge.''

Other cases supporting this view are cited in this case note.

In the dissenting opinion in the West Virginia case, the learned judge who delivered that opinion quoted the rule applicable to such cases as stated in 2 Black on Judgments, section 591, as follows: "Where, in a suit against one of two sureties, judgment is fairly obtained against him, and no collusion existed between him and the party recovering the judgment or the principal obligor of the bond, if notice of the pendency of such suit has been given his co-surety, the latter stands virtually in privity with him against whom the judgment has been obtained. The

co-surety in such case is bound to avail himself of any defense which he may have, and he will not be permitted afterward, in a suit for contribution brought against him by his co-surety, who has paid and satisfied the judgment, to set up any defense which he ought to have pleaded in the original suit upon the bond, by becoming a party for that purpose. It was his duty to join in the defense to the action. Having failed to do so, though he had full notice of the pendency of the action, he waives all defenses he might have had, and in the suit for contribution, the matter is *res judicata.*"

The law, as there stated, finds full support in the opinion in the case of *Love* v. *Gibson,* 2 Fla. 598. But we are not required to approve the rule thus broadly stated to support the conclusion we have reached. As was stated in this dissenting opinion, we need only to give the judgment conclusive effect in those cases where the sureties are parties in the suit against their principal.

In the case of *Gordon* v. *Moore,* 44 Ark. 349, the facts were that Moore had recovered judgment by default against Gordon for balance due on a note executed to Moore by Gordon, Robinson and Childress. Later, Gordon filed a petition under section 4692 of Gantt's Digest (6220, Kirby's Digest), alleging that Moore had sued Robinson and Childress upon the same note in the United States Court for the Northern District of Mississippi, and had recovered judgment there, and that this judgment had been satisfied by a payment by Cole to Moore of $450, which release operated as a discharge of the claim against the petitioner, as well as against Childress, and that inasmuch as Moore had executed to Childress a release in his favor against this judgment, that release also operated to discharge the petitioner. In answer to the petition to vacate this judgment, Moore alleged that Robinson was the principal in the note and Childress and Gordon were his sureties and denied that this release was intended to, or that it did, operate to discharge his claim against Robinson or the other surety, Gordon, further than the extent of the sum received. The principal in the note was shown

to be insolvent. The motion for a new trial was overruled, but the judgment was modified by allowing credit of the payment made. Upon the appeal it was said that it would have been proper to have rendered judgment for only one-half the unpaid balance of the debt with interest, leaving out of the estimate of that balance the $450 paid by Childress. With that payment, Gordon had nothing to do, that it was the consideration of the release to Childress and was paid in behalf of Childress personally. But, "as to Moore, all were principals from the beginning inasmuch as he had the right to collect the debt of all or either. He was only required to take cognizance of their release to the extent of avoiding any act which would prejudice the rights of the sureties to obtain exoneration from the principal or contribution amongst themselves." After a review of a number of authorities, the court quoted with approval from Brandt on Sureties, etc., section 383, the following language: "If there are several sureties liable for the same debt, and the creditor releases one of them from liability, but does not thereby materially alter the contract, he generally releases the remaining sureties to the extent that such released surety would otherwise have been liable to contribute to his co-surety," and it was there adjudged that while a release of a surety is no release of the principal, yet the release of one of two sureties is a release of the other from one-half of the debt.

On the filing of Cole's answer, an issue arose in the decision of which Lashbrooke was vitally interested. He was not in a position to say that he did not owe the note, but he was in a position to say, under the authority of the case of *Gordon* v. *Moore, supra,* that if Mrs. Briant had been guilty of any act of commission, or omission, as a result of which she had lost her right to pursue Cole and obtain satisfaction of her debt from him, that to that extent he had the right to have Mrs. Briant's demand against him remitted, and as in the *Gordon* v. *Moore* case, the release of liability was for one-half of the whole debt. By appropriate pleadings, Lashbrooke should have asserted this right when a judgment was asked against him

for the full amount of the debt in a suit in which his co-surety was a party, and was asking to be exonerated from any liability.

It is the policy of our law to avoid circuity of actions. All necessary parties were before the court for the decision of all questions involved. In section 6098 of Kirby's Digest, in prescribing what the answer shall contain, it is said, among other things: "(4) The defendant may set forth in his answer as many grounds of defense, counter-claim and set-off, whether legal or equitable, as he shall have. * * *"

These questions should, therefore, have been raised at the time of the original suit, and, being within the issues of that case, we hold that the judgment of the court is *res adjudicata* as to the question under discussion, and the judgment of the court below is therefore affirmed. *Gould* v. *Evansville & Crawfordsville Railroad,* 91 U. S. 533.

McCULLOCH, C. J. (concurring.) This case was tried before the circuit judge sitting as a jury, and my opinion is that the evidence was sufficient to sustain the finding that the notice given by appellee to Mrs. Briant was in substantial conformity with the statute, and that the latter's failure to sue appellee exonerated him from liability not only to Mrs. Briant but also to appellant his co-surety. *Wilson* v. *Tebbetts,* 29 Ark. 579. For that reason I concur in the judgment of affirmance. It is unnecessary to discuss the details of that defense, for the reason that the majority have put the decision on another ground.

I am not willing, however, to agree to the statement of the law that the former action in which Mrs. Briant, the obligee, sued the two sureties, was an adverse adjudication of appellant's claim against appellee for contribution. The adversary rights of the two parties to the present controversy were not in issue between them in the former suit, nor could there have been any issue between them in that suit. The only issues in that case were those raised between the plaintiff, Mrs. Briant, on one side, and

appellant and appellee, who were the two defendants, on the other side. The defense of discharge, by notice to sue, was not one which was necessarily common to both of the two defendants, for the one who did not give notice may or may not have consented to the discharge, and therefore would not have been exonerated by the failure to sue. *Coddington* v. *Brown,* 123 Ark. 486, 185 S. W. 809. Appellant's alleged right of contribution was not then mature, and he had no cause of action against the appellee as his co-surety. The right of contribution arises, not out of the contract of suretyship but as an incident thereto upon payment of the debt to the obligee. If it be conceded that appellant might, in the former action, have pleaded the discharge of his co-surety as against the right of the plaintiff to recover against him, and that so far as the plaintiff in that suit is concerned, he is bound by the judgment, whether he pleaded the discharge or not, it does not affect his right to make an issue now with appellee which he did not have a right to make at that time.

In *Wilson* v. *Tebbetts, supra,* this court approved the decision of the Kentucky Court of Appeals (*Letcher, Admr.* v. *Yantis,* 3 Dana. 160), in holding that the defense of discharge of a surety for failure to sue the principal is personal to the surety who gives notice and that it also exonerates him from liability to a co-surety for contribution. That being the law, it is difficult to see how the judgment in the former case has any bearing on appellant's right to call his co-surety to account for contribution.

The judgment of the court discharging appellee may or may not have been correct. Appellant had no way under the statute of testing the correctness of the judgment. He could not file a motion for a new trial on the ground that the judgment in favor of his co-surety was erroneous, nor could he appeal from the judgment. His attitude then in failing to plead the discharge of his co-surety is consistent with his attitude now in asserting that the co-surety was not in fact discharged

and that he can establish that fact on a trial of the issue. His failure therefore, to plead the discharge against Mrs. Briant does not bar him the right to assert his cause of action against appellee for contribution after he has paid the debt.

It seems to me that the reasoning of the two opinions of the West Virginia and Ohio courts, cited by the majority, is clear and convincing, and that they correctly state the law on the subject. The controlling principle is very clearly stated by the Ohio court as follows: "It is not enough that an issue may have been joined between the obligee and the defendant as to the liability of the latter on the bond. Whatever that issue may have been, it was not an issue between himself and his co-defendant, the plaintiff in this action, and could not, therefore, conclude the latter. Though parties to the suit, they were not such in an adversary character, being simply co-defendants to the suit on the bond. The plaintiff in this suit could not, in the former suit, as a matter of right, have insisted on the admision or rejection of evidence on the trial of the issue, had no right to move for a new trial, nor prosecute error, if aggrieved by the rulings of the court; and hence he can not be held bound by the judgment in any subsequent litigation to which he may be a party. * * * It is a general rule that parties to a judgment are not bound by it in a subsequent controversy between each other unless they were adversary parties in the original action." *Koelsch* v. *Mixer,* 52 Ohio St. 207, 39 N. E. 417.

The same principle was also announced by the Missouri court in the case of *Comstock* v. *Keating,* 115 Mo. App. 372, 91 S. W. 416, where the court said: "The general rule is that the parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversaries in the action wherein the judgment was entered. This rule is subject to an exception, when in the course of litigation, co-plaintiffs or co-defendants do in fact but not in form occupy the attitude of adversaries."

The case in which that statement was made was similar to the present case in that there was a plea of a former adjudication against the rights of co-sureties for contribution. I am unable to see the force of the reasoning of Chief Justice Whitfield in the case of *Ruff* v. *Montgomery*, 83 Miss. 185. The conclusion of the learned judge is based entirely upon what he conceives to have been the right of the surety to make an issue in the former suit with a co-surety. But whatever may have been the rights of the parties under the Mississippi practice it seems clear to me that there was no way in which appellant could have raised an issue with the appellee in the case now before us. The other cases in which the same rule is announced (*Love* v. *Gibson*, 2 Fla. 598; *Cross* v. *Scarboro*, 6 Baxter 134), do not undertake to state the reason for the rule, but merely lay it down as the correct one. I prefer the sound rule stated by the courts of West Virginia, Ohio, and Missouri, and I am therefore constrained to dissent from the views of the majority.