AUSTIN *v*. J. R. WATKINS COMPANY.

Opinion delivered January 25, 1932.

*Rice & Rice*, for appellant.

*J. T. McGill*, for appellee.

BUTLER, J. The appellant, W. H. Austin, and J. W. McAllister, entered into a contract with the J. R. Wat-

kins Company which was indorsed on the back of a contract entered into between the Watkins Company and one Hayes who had agreed to handle the goods of the company. The contract made by Austin and McAllister, in so far as is material to an understanding of the issues raised, is as follows:

"In consideration of one dollar to us in hand paid by the J. R. Watkins Company, receipt whereof is hereby acknowledged, and the execution of the foregoing agreement, which we have read or heard read and hereby agree and assent to, and the sale and delivery by it to the party of the second part, as vendee, of goods and other articles as therein provided, we, the undersigned sureties, do hereby waive notice of the acceptance of this agreement, notice of default or non-payment, and diligence in bringing action against said second party, and jointly, severally and unconditionally promise, agree and guarantee to pay for said goods and other articles, and the prepaid freight, express, or postal charges thereon, at the time and place, and in the manner in said agreement provided."

Hayes made default in the payment of sums due the company amounting to $437.10, with interest amounting to $483.67, for which the Watkins Company brought suit against Austin and McAllister. There was no controversy as to the amount due. After suit was brought McAllister paid the company $200, and the following written instrument was executed and delivered by the company to him:

"Whereas, J. R. Watkins Company, a corporation, has entered suit in the circuit court of Benton County, Arkansas, v. W. H. Austin and J. W. McAllister, defendants, seeking judgments against said defendants in the sum of $483.67, as sureties upon a certain bond that it is alleged that said defendants executed to plaintiff in behalf of Ernest Chester Hayes on October 4, 1927; and,

"Whereas, plaintiff and defendant McAllister have agreed upon full settlement of said suit, so far as the defendant McAllister is concerned,

"Now, therefore, the undersigned J. R. Watkins Company, in consideration of payment to it of the sum of $200 by the said J. W. McAllister, the receipt of which is hereby acknowledged, do hereby accept said sum in complete and full settlement of any and all claims that Watkins Company now have or claim by reason of the suit and bond herein mentioned, as against J. W. McAllister and agree to dismiss said suit as against this defendant with prejudice."

At the conclusion of the introduction of testimony in the case, the defendant Austin requested, and the court refused, to charge the jury that a discharge by the creditor of one surety discharges all, and that, if the jury should find that McAllister and Austin were co-sureties and that the plaintiff received $200 from McAllister in consideration of which he was discharged, then a verdict should be rendered in favor of Austin. The court, on the contrary, instructed the jury that the plaintiff had a right to release McAllister upon the payment of $200, and that in doing so did not release the defendant, Austin, from his obligation to pay one-half the amount due, if otherwise liable.

The case was submitted to the jury on the question of whether Austin did or did not cancel his contract with the company before the goods were shipped to Hayes. The evidence on this question was conflicting, and the instructions given by the court on that issue appear to have been correct. The jury found in favor of the plaintiff in the sum of $200.

In appellee's motion for a new trial, a number of errors are assigned, but none are urged in his brief except the alleged error of the court in refusing to give at his request, and giving at the request of plaintiff, the instructions heretofore mentioned, by which the effect of the release given McAllister was submitted. Therefore all grounds of objections except the one relating to the effect of the release must be treated as abandoned. *Shawmutt Lbr. Co.* v. *Waits*, 122 Ark. 224, 182 S. W. 907;

*Fitzhugh* v. *Leonard,* 179 Ark. 816, 19 S. W. (2d) 1010; *Roath* v. *North Little Rock,* 181 Ark. 1146, 28 S. W. (2d) 67.

We are of the opinion that the trial court correctly interpreted the effect of the release given McAllister, and it only exonerated Austin to the extent of one-half of the debt. This was the holding of the court in *Gordon* v. *Moore,* 44 Ark. 349, and *Lashbrooke* v. *Cole,* 124 Ark. 48, 186 S. W. 317. We find nothing in the cases cited by the appellant announcing a contrary doctrine. Therefore, on the authority of these cases we hold that there was no error committed by the trial court which has been urged upon our attention.

The judgment is affirmed.